**Robert W. TILLEY, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 02–3401.**

United States Court of Appeals, Federal Circuit.

March 6, 2003.

Before SCHALL, GAJARSA, and PROST, Circuit Judges.

PER CURIUM.

Petitioner Robert W. Tilley ("Tilley") appeals the denial by the Office of Personnel Management ("OPM") of his request for waiver of a portion of the deposit he was required to pay for electing a survivor annuity subsequent to his retirement. On June 27, 2002, OPM's denial was upheld in an initial decision by an Administrative Judge of the Merit Systems Protection Board ("MSPB" or "Board") (Docket No. AT–0831–02–0417–I–1). That decision became the final decision of the MSPB on August 29, 2002. We *affirm.*

I

Effective May 3, 1999, Tilley retired from his position as Chief Financial Officer at the Carl Vinson Veterans Administration Medical Center in Dublin, Georgia. At the time of his retirement, Tilley elected a full-life rate annuity without a reduction for the purpose of providing a survivor annuity for his spouse. Tilley subsequently informed OPM that he had decided to change his election and provide a survivor annuity for his spouse, as is permitted by 5 C.F.R. § 831.622 and 5 U.S.C. § 8339(*o*) (allowing for change of election within 18 months after retirement). In correspondence dated July 25, 2000, OPM provided Tilley with certain paperwork and information regarding the requested change in election. Of particular relevance to this case, OPM informed Tilley that to effectuate the requested change, he would need to pay a "deposit" equal to "the sum of the monthly differences between the annuity paid to the retiree and the annuity that would have been paid if the additional annuity reduction elected ... had been in effect since the time of retirement, plus 24.5 percent of the increase in the designated base (computed as of the time of retirement) on which the survivor annuity is calculated." 5 C.F.R. § 831.662. Characterizing the size of this deposit as a "ludicrous ... penalty," Tilley nevertheless paid the $11,712 "with prejudice" and indicated his intent to take further action to challenge the amount of the "deposit."

Tilley subsequently requested in writing that OPM waive payment of and refund to him a substantial portion of the deposit, namely the amount of the deposit attributable to 24.5 percent of the increase in the designated base, which is approximately $7,931. In a letter dated April 10, 2001, OPM denied the requested waiver. Tilley sought reconsideration of OPM's decision,

and on February 26, 2002, OPM again denied waiver. On or about March 21, 2002, Tilley appealed OPM's decision. Tilley's appeal was heard and decided by a Board Administrative Judge. In an Initial Decision dated June 27, 2002, the Administrative Judge upheld OPM's decision, concluding that Tilley had failed to prove any error in OPM's calculation of the amount of the deposit, that Tilley's equitable arguments lacked any support in law, and, finally, that Tilley had failed to demonstrate "that there exists any provision in law, rule, or regulation that would allow for a waiver." Tilley filed a timely petition for review with the Board. On August 29, 2002, the Board denied the petition, and the Administrative Judge's Initial Decision became the final decision of the MSPB. Tilley timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II

The crux of Tilley's argument is that because he received incomplete or incorrect information from OPM personnel department employees, and because the written information provided to him by OPM was confusing and ambiguous as to the manner in which the deposit for post-retirement election of a survivor annuity would be calculated, OPM should have waived a portion of the deposit and refunded approximately $7,931 of the $11,712.02 that Tilley paid. Tilley also contends that the Administrative Judge and MSPB may have failed to consider certain of his arguments. Finally, Tilley proffers a number of ancillary assertions and arguments relating to the inequity to himself and to similarly-situated retiring federal employees resulting from the alleged lack of information available regarding the manner in which the deposit is calculated and from the magnitude of the deposit itself.

█ Tilley has failed to provide this court with any legal basis upon which we may provide him with the relief he seeks. With respect to Tilley's fundamental argument that OPM incorrectly denied him a partial waiver and refund, we cannot discern–and Tilley has failed specifically to direct our attention to–any legal error in the Administrative Judge's determination that OPM was not required to grant such a waiver and refund. Indeed, it is well-established that the principle of equitable estoppel cannot, except in specific circumstances, be used to bind the federal government. *See Federal Crop Ins. Copr. V. Merrill,* 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10 (1947) (Even though federal employee advised farmer that his entire crop qualified for insurance when it did not, federal government was not required to pay for portion of lost crop despite substantial hardship caused by the incorrect information provided.) For example, in a case where former federal retiree both received incorrect verbal advice and was provided with written information from OPM that was similarly incorrect, which caused the retiree to take actions resulting in a six-month loss of benefits, the Supreme Court held not only that the federal government was not required to refund the lost benefits, but that it was constitutionally precluded from doing so. *Office of Pers. Mgmt. v. Richmond,* 496 U.S. 414, 424–434, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990). Thus, we conclude that the Administrative Judge and MSPB were correct in concluding that OPM was not legally required to grant the partial waiver and refund sought by Tilley.

█ Moreover, as OPM points out in its brief, the statute that permits post-retirement election of survivor annuities states that such "[a]n election ... *shall not be considered effective* unless the amount specified ... is deposited into the Fund

before the expiration of the applicable 18-month period...." 5 U.S.C. § 8339(o)(2)(A) (emphasis added). Clearly this provision does not expressly provide OPM with the authority to waive the required deposit, and OPM has interpreted this language in its regulations as specifically forbidding such waivers. *See* 5 C.F.R. § 831.661(a) (collection of deposits not subject to waiver). We will sustain regulations implemented by the agency that has the responsibility of administering a statute so long as those regulations are a permissible construction of and consistent with the underlying statute. *See, e.g., Stearn v. Dep't of the Navy,* 280 F.3d 1376, 1382 (Fed.Cir.2002). We find OPM's interpretation of the statutory provision at issue to be both permissible and reasonable. Accordingly, we hold that the Administrative Judge did not err in concluding that Tilley failed to assert any legal basis allowing—much less requiring—OPM to grant him the partial waiver he sought.

As for Tilley's argument that the Administrative Judge may have failed sufficiently to consider all of the arguments he presented, we note that Tilley has failed to point to any specific argument made before the Administrative Judge that was not adequately addressed in the Initial Decision. We have also reviewed the documents provided to this court by Tilley, which contain Tilley's arguments to the Administrative Judge, and are unable to discern any argument that would not be foreclosed by the dual conclusions that Tilley's equitable arguments are barred by clear precedent and that OPM's regulation barring the waiver of deposits is consistent with the underlying statutory provision. Tilley's ancillary arguments regarding, *inter alia,* hardship to him and to similarly-situated retirees, the need for someone to "take responsibility" for the potential hardships caused by incorrect verbal and written information provided by federal personnel specialists, and the need to alter federal pamphlets and forms to increase their clarity, are similarly foreclosed.

In sum, Tilley has failed to point out any reversible error in the Administrative Judge's Initial Decision, nor has he set forth before this court any legal basis for the relief that he seeks. Accordingly, the final decision of the MSPB is affirmed.